UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael A. Jenkins, ) | C/A No. 3:11-992-CMC-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| Doug Strickler, Public Defender's Office; ) | |
| JL Vanhouten, Columbia Police Department, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Michael A. Jenkins ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is a pretrial detainee at the Alvin S. Glenn Detention Center in Columbia, South Carolina, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff alleges that the defendants have violated his constitutional rights, and Plaintiff seeks money damages. The Complaint should be dismissed for failure to state a claim on which relief may be granted.

<u>Review pursuant to the Prison Litigation Reform Act (PLRA)</u>

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The Complaint herein has been filed pursuant to 28 U.S.C.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

§ 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the Complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* Complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998

F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Plaintiff brings suit against Defendant Doug Strickler, who is alleged to be the Chief Public Defender in the Public Defender's Office, for "misrepresentation of counsel." Plaintiff alleges that Defendant Strickler violated his constitutional right to due process by failing to appoint another public defender to represent Plaintiff after Deanene Thornwell, Plaintiff's prior public defender, quit her job on or about April 6, 2011. Plaintiff alleges that he had met with Thornwell once, but that after she quit her job, he has not been appointed another public defender as of April 23, 2011, the date Plaintiff signed the Complaint. Plaintiff alleges that his preliminary hearing was continued on April 4, 2011, but that Plaintiff does not know why it was continued and he has not been informed about his case since he has no attorney. Plaintiff seems to allege that he has not yet had a preliminary hearing. Plaintiff alleges that he needs an attorney to file motions, such as a motion for bond reduction, motion for speedy trial, and motion for discovery. Plaintiff alleges that he has been waiting for four months for his charges "to be bonded over to general sessions charges."

Plaintiff also brings suit against Defendant J.L. Vanhouten, alleged to be a police officer with the Columbia Police Department. Plaintiff alleges that he was "unconstitutionally arrested and detained without any knowledge of charges being on myself" by the Columbia Police Department. Specifically, Plaintiff alleges that on December 17, 2010, he was arrested in North Carolina on

traffic charges, which then caused Plaintiff to be served with a "fugitive/extradition warrant for South Carolina." Plaintiff alleges that he was taken to South Carolina and placed in jail. He alleges that he was not served with any warrants until March 3, 2011. It appears that Plaintiff was arrested on several charges in Richland County on March 3, 2011. *See* Richland County Fifth Judicial Circuit Public Index Homepage, (enter "Michael A. Jenkins" and "search public index," then click on "K668421") (last visited May 5, 2011).[2] Plaintiff seeks one million dollars from each Defendant for violation of Plaintiff's constitutional rights and for pain and suffering.

## Discussion

This Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Defendant Strickler should be summarily dismissed from this action because, as a matter of law, he did not act under color of state law. An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any

---

[2] The Court may take judicial notice of factual information located in postings on government websites. *See Williams v. Long*, 585 F.Supp.2d 679, 687-88 (D. Md. 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating).

4

civil action brought under 42 U.S.C. § 1983. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public defender); *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980) (court-appointed attorney). *Cf. Vermont v. Brillon*, 129 S.Ct. 1283, 1291 (2009) (noting that assigned counsel for a criminal defendant is not ordinarily considered a state actor). Plaintiff alleges that Strickler is the Chief Public Defender, and that Plaintiff has not had any word from the public defender's office since Plaintiff's prior defender, Deanene Thornwell, quit her job on or about April 6, 2011. Plaintiff seems to claim that Strickler has not acted quick enough to assign a different public defender to Plaintiff's case. However, Strickler's alleged misconduct was not taken under color of state law, and, thus, he is not subject to suit in this Court pursuant to § 1983. In *Hall v. Quillen*, the district court had disposed of the case against a physician and a court-appointed attorney on grounds of immunity. Although affirming the district court's order, the Court of Appeals indicated that lower courts should first determine whether state action occurred:

> [I]mmunity as a defense only becomes a relevant issue in a case such as this if the court has already determined affirmatively that the action of the defendant represented state action. This is so because state action is an essential preliminary condition to § 1983 jurisdiction, and a failure to find state action disposes of such an action adversely to the plaintiff.

*Hall v. Quillen*, 631 F.2d at 1155 (citations omitted). *See also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982) ("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.").

As to Defendant Vanhouten, Plaintiff alleges no facts indicating personal involvement by Vanhouten. Although this Court must liberally construe the *pro se* Complaint and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the

Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). *See also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). Because Plaintiff did not plead any factual allegations that state a plausible claim for relief against Vanhouten, the Complaint fails to state a claim upon which relief may be granted.

Even if it may be inferred that Plaintiff's reference to misconduct by the Columbia Police Department is a reference to Vanhouten, Plaintiff still failed to state a cognizable claim. An arresting law enforcement officer cannot be charged with false arrest in violation of the Fourth Amendment when he arrests an individual pursuant to a facially valid warrant. *See Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998); *Vanover v. NFN Blendowski*, No. 3:05-2956-DCN-JRM, 2006 WL 3513682, at *5 (D.S.C. Dec. 5, 2006). Plaintiff's allegations state that from the first seizure to take him to South Carolina, the police officers had a fugitive/extradition warrant to do so.[3] Plaintiff also alleges that when he was brought to South Carolina he was arrested pursuant to warrants, and Plaintiff does not mention or attack the contents of those arrest warrants. *See Miller v. Prince George's Cnty., Md.,* 475 F.3d 621, 627-33 (4th Cir. 2007); *Vanover*, 2006 WL 3513682, at *5 n.8. Because there is no allegation that any warrant contained a false or misleading material statement nor does Plaintiff allege that he was arrested without a warrant, then Plaintiff fails to state a claim on which relief may be granted as to an unlawful arrest. *Cf. Wallace v. Kato*, 549 U.S. 384 (2007) (finding that, if a plaintiff alleges false arrest, the statute of limitations begins to run at the

---

[3] Plaintiff does not appear to allege a violation of his extradition rights. *See Young v. Nickols*, 413 F.3d 416 (4th Cir. 2005).

6

time the plaintiff becomes detained pursuant to legal process). Moreover, Plaintiff fails to state a claim for unlawful detention because such a claim is akin to false imprisonment in violation of the Fourth Amendment or malicious prosecution. If the Fourth Amendment to the United States Constitution encompasses a malicious prosecution claim, then it may be cognizable under § 1983. *See Wallace*, 549 U.S. at 390 n.2. However, one element of a malicious prosecution claim is that the criminal proceedings have terminated in the plaintiff's favor. *Id.* at 392 (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)); *Brooks v. City of Winston-Salem*, 85 F.3d 178 (4th Cir. 1996). As Plaintiff has not alleged the element that the state criminal charges against him have been resolved in his favor, a malicious prosecution or false imprisonment claim appears to be premature.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **Plaintiff's attention is directed to the important notice on the next page.**

May 11, 2011  
Columbia, South Carolina

Joseph R. McCrorey  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).